UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN PADIEN,

        Plaintiff,

v.

ELI LILLY AND COMPANY

        Defendant.

CIVIL ACTION No. 06-CV-01989 (GK)

**ELI LILLY AND COMPANY'S UNOPPOSED MOTION
TO TRANSFER ACTION TO THE EASTERN DISTRICT OF PENNSYLVANIA**

    Defendant Eli Lilly and Company ("Lilly"), with plaintiff's consent, hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the Eastern District of Pennsylvania (Philadelphia Division). Lilly's motion is premised on the facts that the Eastern District of Pennsylvania is a more convenient forum than the District of Columbia, this action could have originally been brought in the Eastern District of Pennsylvania, and transfer out of a district with no connection to the plaintiff's claims is in the best interests of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (noting that the district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum). In further support of its consent motion, Lilly states:

    1.    The Eastern District of Pennsylvania is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs the district court to consider the convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a). Lilly has reason to believe many of the potential fact witnesses, and all other sources of proof, are located in the Eastern District of Pennsylvania:

B3353927.1

- Plaintiff and her husband live in Glen Mills, Pennsylvania approximately 45 minutes from Philadelphia.

- Plaintiff's mother, Madalyn Mingey, resides in Avalon, New Jersey approximately 1½ hours Southeast of Philadelphia.

- Plaintiff's mother was allegedly prescribed the DES at issue in this litigation by Dr. Eric Corkhill in Drexel Hill, Pennsylvania, a suburb of Philadelphia.

- The pharmacy where the DES was allegedly dispensed was also in Drexel Hill, Pennsylvania.

- The pharmacist who allegedly dispensed DES in this case, Philmore Solotoff, currently lives in Narberth, Pennsylvania, another suburb of Philadelphia.

- Plaintiff's parents were living in Drexel Hill Pennsylvania when Ms. Mingey allegedly purchased and ingested DES.

- All of the treating physicians identified by plaintiff in her discovery responses practice in Philadelphia, Pennsylvania, including Drs. Yon Sook Kim, Christine Wu, Ronald Bolognese, Luigi Mastroianni, and Richard Tureck, Samantha Butts.

2. Further, this action originally "might have been brought" in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1404(a). First, the Eastern District of Pennsylvania has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[1] Eli Lilly and Company is incorporated and has its principal place of business in Indiana. Plaintiff resides in and is presumably domiciled in Pennsylvania. Second, the Eastern District of Pennsylvania clearly has personal jurisdiction in this action where plaintiff lives in Pennsylvania, Lilly's allegedly tortious acts occurred, if at all, in Pennsylvania and plaintiff's injuries arose in Pennsylvania. Thus, the Eastern District of Pennsylvania is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction. Third, venue is proper in the Eastern District of Pennsylvania because the events

---

[1] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000. However, Lilly does not concede that the value of Plaintiff's claims in fact exceed that minimum requirement.

that form the gravamen of Plaintiff's complaint, *i.e.* prescription, sale, ingestion, and exposure to DES, all occurred in the Philadelphia metro area. *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

3.  Finally, the interests of justice support transfer of this action to the Eastern District of Pennsylvania. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing public interest factors to consider). Pennsylvania has a strong interest in seeing that the product liability claims arising there are tried fairly and efficiently in accordance with its substantive law. The District Court for the Eastern District of Pennsylvania is more familiar with the substantive law of Pennsylvania than is the District of Columbia. *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (noting that the District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute). Finally, this case has no connection to the District of Columbia except that it was filed here: no witnesses reside here, plaintiff's alleged exposure to DES did not occur here, and none of plaintiff's injuries were diagnosed or treated here. Because this case has no connection to this district and because plaintiff consents to transfer, it is equitable to transfer this case out of the District of Columbia.

WHEREFORE, for all the foregoing reasons, Lilly respectfully request that this Court grant its consent motion to transfer this case to the Eastern District of Pennsylvania.

>Respectfully submitted
>
>ELI LILLY AND COMPANY,
>
>By its attorneys,
>
>/s/ James J. Dillon
>James J. Dillon, D.C. Bar No. 485593
>FOLEY HOAG LLP
>155 Seaport Boulevard
>Boston, MA 02110-2600
>(617) 832-1000

Dated: July 31, 2007

## LOCAL RULE 7.1(m) CERTIFICATION

Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with plaintiff's counsel who indicated that plaintiff would not oppose the relief requested in this motion.

>/s/ James J. Dillon
>James J. Dillon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN PADIEN,

        Plaintiff,

  v.                            CIVIL ACTION No. 06-CV-01989 (GK)

ELI LILLY AND COMPANY

        Defendant.

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant Eli Lilly and Company's Consent Motion to Transfer pursuant to 28 U.S.C. § 1404(a), it is this _____ day of _____, 2007,

ORDERED that Defendants' Consent Motion is hereby granted; and it is

FURTHER ORDERED that the case be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

_____                       _____
Date                                                                   Hon. Gladyss Kessler
                                                                       U.S. District Court Judge

B3389118.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN PADIEN,<br><br>        Plaintiff,<br><br>    v.<br><br>ELI LILLY AND COMPANY<br><br>        Defendant. | CIVIL ACTION No. 06-CV-01989 (GK) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant Eli Lilly and Company's Unopposed Motion to Transfer pursuant to 28 U.S.C. § 1404(a), it is this _____ day of _____, 2007,

ORDERED that Defendants' Consent Motion is hereby granted; and it is

FURTHER ORDERED that the case be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

_____   _____
Date                                                                      Hon. Gladyss Kessler
                                                                                 U.S. District Court Judge